RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/11/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**CHRISTOPHER RELIFORD**                    DOCKET NO. 12-CV-1964; SEC. P

**VERSUS**                                  JUDGE DRELL

**WARDEN**                                  MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner, Christopher Reliford, filed this *pro se* petition for *writ of habeas corpus* (28 U.S.C. §2254) attacking his 2005 manslaughter conviction in Louisiana's Tenth Judicial District Court, Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Petitioner plead guilty to manslaughter on January 31, 2005. He was sentenced on February 4, 2005, and his conviction became final on March 4, 2005. Petitioner filed an application for post-conviction relief on February 8, 2010, alleging that the plea colloquy was not sufficient to advise him of his Boykin rights and that he was not advised of his right to have an attorney at the critical phases of his case. On March 1, 2010, the application was denied as untimely pursuant to Article 930.8. [Doc. #1-3, p.12] Petitioner's Application for Writ of Review was filed in Louisiana's Third Circuit Court of Appeals on July 30, 2010. The Third Circuit denied the writ on May 25, 2011, noting "There is no

error in the trial court's ruling." [Doc. #1-3, p.41-42] Petitioner's application for rehearing was denied on August 24, 2011. [Doc. #1-3, p.44] Petitioner filed a writ application in the Louisiana Supreme Court on an unspecified date, which was denied on May 25, 2012, citing La.C.Cr.P. art 930.8 and <u>State ex rel. Glover v. State</u>, 93-2330 (La. 9/5/95), 660 So.2d 1189. [Doc. #1-3, p.48]

### *Law and Analysis*

**1. Timeliness under §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of habeas corpus by a person such as petitioner who is in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>,

---

[1] Nothing in the record suggests that any State created impediments prevented the filing of the instant petition. Further, petitioner has not identified a constitutional right *newly recognized* by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. See 28 U.S.C. § 2244(d)(1)(B),(C),and (D).

2

192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time **before** the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, Petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner's judgment of conviction and sentence became final on March 4, 2005, and he had one year, or until on or about March 4, 2006, to file his federal habeas corpus petition. Petitioner cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2). His application for post-conviction relief was not filed until 2010, well after the one year statute of limitations in Section 2244 had expired. Thus, the available evidence establishes that the instant petition is time-barred.

2. **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.

1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition

for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**Thus done and signed** at Alexandria, Louisiana, this 10th day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE